WATTS v. LAMBERTSON.

**Costs:** OFFER TO CONFESS JUDGMENT: APPEAL. Pending an action
in a justice's court, the defendant offered to confess judgment for a part
of the claim, which was less than the amount for which judgment was,
rendered, but equal to the sum recovered on appeal to the Circuit Court:
*Held*, that, under section 3404 of the Revision, the plaintiff was liable
for all costs incurred after the offer to confess was made.

*Appeal from Clinton Circuit Court.*

THURSDAY, SEPTEMBER 24.

THIS action was originally brought February 1, 1873, before
a justice of the peace to recover fifteen dollars, advanced by
plaintiff to defendant, upon a contract for the purchase of

hogs, and eighty-four dollars damages, for failure to comply therewith. The defendant gave due notice thereof and offered to confess judgment for fifteen dollars and costs, which the plaintiff refused to accept. The defendant denied the balance of the claim, and upon trial before the justice, the plaintiff recovered fifty dollars and costs. The defendant appealed to the Circuit Court, where plaintiff recovered judgment for fifteen dollars and costs, taxed at over sixty dollars. The defendant moved to retax the costs against the plaintiff; this was overruled, and defendant appeals.

*Wm. H. H. Hart* and *Wm. B. Leffingwell*, for appellant.

*J. C. L. Tate* and *Flint & Darling*, for appellee.

COLE, J.—Our statute in force when this action was brought and applicable to it, provides, (Rev. of 1860):

" Sec. 3404. After an action for the recovery of money is brought, the defendant may offer in court to confess judgment for part of the amount claimed or part of the causes involved in the action. Whereupon, if the plaintiff, being present, refuses to accept such confession of judgment in full of his demands against the defendant in the action, or having had two clear days' notice that the offer would be made, of its amount, and of the time of making it, fails to attend, and on the trial does not recover more than was so offered to be confessed, such plaintiff shall pay all the costs of the defendant, incurred after the offer. The offer shall not be deemed to be an admission of the cause of action, or amount to which the plaintiff was entitled, nor be given in evidence upon the trial."

It is conceded here, by appellee's counsel, that the defendant fully complied with this section, in giving the notice and in making his offer to confess judgment for fifteen dollars and all costs up to that time. But it is claimed that, since the plaintiff recovered more than fifteen dollars before the justice of the peace, he is entitled to recover all costs of that court and any other court to which it may be carried by appeal, without reference to the amount of recovery there. That if the defendant would avoid liability for costs on the appeal,

he should make the proffer provided for in "Sec. 3935. If the judgment below is against the appellant, he may proffer to pay a certain amount with costs, and if the final amount recovered be less favorable to the appellee than such proffer, he shall pay the costs of appeal."

In our view the proper construction of the two sections is, that if the defendant has complied with the provisions of Sec. 3404, and properly made his offer to confess, and the plaintiff does not recover more than was so offered to be confessed, either in the court where the offer is made or in any other court to which the case may be taken by appeal or otherwise— if he does not *finally* recover more—he must pay all the costs of defendant, incurred after the offer. While, under section 3935, he cannot offer to confess judgment at all, but he must proffer to pay a certain sum with costs. And he may do this whether he has made the previous offer to confess or not. If, after a trial, he became satisfied that more would be recovered than he had offered to confess, he might avoid further costs upon the contingency provided, by making the proffer to pay. The sections provide different remedies for different states of case, and neither limits the other. The costs should have been taxed to the plaintiff.

REVERSED.